UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| AMANDA RAKES, *Administrator of the Estate of Amylyn Slaymaker and Next Friend to the Minor Children G.C. and M.C.*, <br><br> *Plaintiff,* <br><br> *vs.* <br><br> JONATHAN PAUL ROEDERER and THE ESTATE OF TE'JUAN JOHNSON, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 4:21-cv-00114-JMS-KMB |

## **ORDER**

On March 30, 2023, the Court granted a Motion for Summary Judgment filed by Defendants Jonathan Paul Roederer and the Estate of Te'Juan Johnson, and Defendants have now filed a Motion for Bill of Costs.  [Filing No. 111.]  In response, Plaintiff Amanda Rakes, Administrator of the Estate of Amylyn Slaymaker and Next Friend to the Minor Children G.C. and M.C., argues, among other things, that the Court should not award costs because the Estate is indigent.  [Filing No. 117.]

Seventh Circuit precedent is clear that "the indigence exception [under Fed. R. Civ. P. 54(d)(1)]…is a narrow one," *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006), and that in order to apply the exception, "the court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future," *Lange v. City of Oconto*, 28 F.4th 825, 846 (7th Cir. 2022) (quotation and citation omitted).  Further, "[t]he burden is on the losing party to provide the district court with sufficient documentation to support such a finding."  *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (quotation and citation omitted).  Ms. Rakes states in her response to the Motion for Bill of Costs that the Estate

1

and its sole beneficiaries, Amylyn Slaymaker's minor children, are indigent and that the Estate has not reimbursed family members for the cost of Amylyn's funeral and burial. [Filing No. 117 at 1-2.] Ms. Rakes attaches a copy of the invoice for Amylyn's funeral and burial to its response, which indicates that it was paid by Amylyn's father. [Filing No. 117-1.]

While the Court has no reason to doubt the veracity of the statements in the response brief regarding the indigency of the Estate and Amylyn's minor children, the Court finds that a Declaration regarding the status of the Estate and, specifically, the Estate's ability – now, or in the future – to pay the costs that Defendants request is appropriate. The Court **ORDERS** Ms. Rakes, as Administrator of the Estate, to file such a Declaration by **June 2, 2023**. Defendants may file any response to the Declaration by **June 9, 2023**.

Date: 5/24/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**