UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| AMANDA RAKES, *Administrator of the Estate of Amylyn Slaymaker and Next Friend to the Minor Children G.C. and M.C.*,<br><br>  *Plaintiff*,<br><br>vs.<br><br>JONATHAN PAUL ROEDERER and THE ESTATE OF TE'JUAN JOHNSON,<br><br>  *Defendants*. | No. 4:21-cv-00114-JMS-KMB |

## **ORDER**

On July 19, 2019, RJ Slaymaker killed his wife, Amylyn Slaymaker, shortly after the two had an argument that resulted in an encounter with Charlestown Police Officers Jonathan Paul Roederer and Te'Juan Johnson. Plaintiff Amanda Rakes, the administrator of Amylyn's Estate and Next Friend to her minor children, initiated this litigation against Officer Roederer and the Estate of Officer Johnson[1] and on March 30, 2023, the Court granted a Motion for Summary Judgment filed by Defendants and entered Final Judgment in Defendants' favor. [Filing No. 106; Filing No. 107.] On April 28, 2023, Defendants filed a Motion for Bill of Costs, which is now ripe for the Court's review. [Filing No. 111.]

---

[1] Officer Johnson passed away after the events underlying this litigation. Although his Estate is a Defendant in this matter, the Court refers to Officers Johnson and Roederer collectively as "Defendants" from time to time in this Order.

## I.
### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 54(d), the Court has discretion to tax the costs enumerated in 28 U.S.C. § 1920 against the losing party in an action – here, Ms. Rakes as the Administrator of Amylyn's Estate and the Next Friend to her minor children – and a "strong presumption" exists that the Court will do so. *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citation omitted). "Notwithstanding this presumption…the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) ("Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."). The losing party "bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

## II.
### DISCUSSION

The Court notes at the outset that Ms. Rakes has appealed the Court's grant of summary judgment in favor of Defendants to the Seventh Circuit Court of Appeals. [Filing No. 112.] Despite the pending appeal, however, the Court may decide the Motion for Bill of Costs. *See Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995); *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994); *Collins v. United States*, 2008 WL 4549303, at *1 (N.D. Ill. Apr. 24, 2008) ("The Court may award costs while a case is on appeal, and an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals."). Accordingly, the Court considers the parties' arguments below.

In their Motion for Bill of Costs, Defendants seek $4,408.55 in deposition-related costs and $375.15 in witness fees,[2] for a total of $4,783.70. [Filing No. 111.] Included in the deposition-related costs are the costs for copies of deposition transcripts, the costs of obtaining the transcription of 98 minutes of dash cam video footage related to the incident that formed the basis of Ms. Rakes' claims, court reporter fees, and non-appearance fees incurred for two depositions. [Filing No. 111 at 3-4.] The witness fees that Defendants request include a flat witness fee plus mileage reimbursement for nine witnesses. [Filing No. 111 at 5.]

In her response, Ms. Rakes argues that Amylyn's Estate and its sole beneficiaries, her two minor children, are indigent. [Filing No. 117 at 1-2.] She notes that the Estate has not even reimbursed family members for the cost of Amylyn's funeral and burial, and attaches an invoice which reflects that those costs were paid by Amylyn's father. [Filing No. 117 at 2; Filing No. 117-1.] Ms. Rakes also argues that Defendants seek costs outside of those authorized by 28 U.S.C. § 1920(2) as necessary for use in the case, including appearance and witness fees for two witnesses who were never served with subpoenas directing them to appear and the cost of the transcript of the dash cam video footage. [Filing No. 17 at 2.]

Defendants argue in their reply that Ms. Rakes has not submitted any evidence that the Estate is indigent, and that the invoice for Amylyn's burial and funeral costs "does not reflect an inability of the Estate to pay court-imposed costs now or in the future, and is a far cry from the sort of 'sufficient documentation' comprehensively accounting for the Estate's assets and expenses that would allow the Court to make a factual determination that it is unable, now or in the future, to pay a costs award." [Filing No. 118 at 2-3.] Defendants also assert that even if the Court finds

---

[2] Defendants originally sought $466.37 in witness fees, but corrected this amount to $375.15 in their reply brief. [See Filing No. 118 at 6.]

that the Estate is indigent, the Court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised, all of which weigh in favor of awarding costs. [Filing No. 118 at 3.] Specifically, they argue that they are seeking a "relatively modest amount of costs," and that there were no close or difficult questions involved in the case and the Court had cautioned Ms. Rakes regarding the strength of her claims when it denied Defendants' Motion for Judgment on the Pleadings and granted their Motion for Summary Judgment. [Filing No. 118 at 3-4.] Defendants contend that the cost of the transcript of the dash cam video footage was reasonable and necessary and that Defendants relied upon the transcript in connection with their Motion for Summary Judgment and the Court cited to the transcript in its Order ruling on the Motion for Summary Judgment. [Filing No. 118 at 5-6.] Finally, Defendants argue that the witness fees and costs for the two individuals who were not ultimately deposed were necessary, noting that Ms. Rakes identified those individuals on her witness list and that the non-appearance fee Defendants incurred was reasonable. [Filing No. 118 at 6-7.]

On May 24, 2023, the Court issued an Order noting that while it had no reason to doubt the veracity of the statements in Ms. Rakes' response brief regarding the indigency of the Estate and of Amylyn's minor children, it found that requiring a Declaration regarding the status of the Estate and its ability to pay the costs that Defendants request was appropriate. [Filing No. 119 at 2.] The Court ordered Ms. Rakes, as Administrator of the Estate, to file such a Declaration by June 2, 2023 and gave Defendants until July 9, 2023 to file any response to the Declaration. [Filing No. 119 at 2.]

On June 2, 2023, Ms. Rakes filed a Declaration stating that:

- Amylyn died intestate, leaving her two minor children as her sole heirs;

4

- The minor children are dependents of their father[3] and do not own any significant assets;

- The Estate has assets totaling $33,405.47;

- The Estate has unpaid debts totaling $13,445.35;

- The Estate is estimated to owe an additional $8,000 in administrative fees and expenses; and

- Any funds remaining in the Estate will be transferred to a trust to be established for the benefit of the minor children.

[Filing No. 120-1.]

Defendants did not file a response to Ms. Rakes' Declaration.

"[T]he indigence exception [under Rule 54(d)(1)] is a narrow one," *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006), and "its application is committed to the district court's discretion," *Lange v. City of Oconto*, 28 F.4th 825, 846 (7th Cir. 2022). In determining whether to apply the indigence exception, a court performs a two-step analysis: "First, the court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* A party is indigent if it "is incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (quotation and citation omitted). "Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case…. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs." *Id.* at 635-36.

---

[3] RJ Slaymaker is not the father of Amylyn's minor children.

Based on Ms. Rakes' Declaration, the Estate will have a little under $12,000 remaining after paying its debts and administrative fees and expenses. While this amount is technically sufficient to enable the Estate to pay the $4,783.70 in costs that Defendants seek, this case presents unique circumstances. The sole beneficiaries of the Estate are Amylyn's minor children, who have no assets other than Amylyn's small Estate, are dependents of their father, and will grow up without their mother. The Estate's assets will not go far in terms of covering a portion of Amylyn's children's support. Given the unique circumstances of this case, the Court finds that the Estate is indigent.

Having found that the Estate is indigent, the Court considers the amount of costs, the good faith of Ms. Rakes, and the closeness and difficulty of the issues raised by this case. *Rivera*, 469 F.3d at 635-36. First, while the $4,783.70 Defendants seek is a relatively small amount, it is almost 40% of the Estate's assets after debts and expenses. This factor weighs in favor of denying the Motion for Bill of Costs. *See Vail v. Raybestos Products Co.*, 2008 WL 3819820, at *3 (S.D. Ind. July 3, 2008) (denying bill of costs where costs sought were approximately one third of losing party's gross income and noting "while $4,300 is not a substantial figure to a company like [defendant], it certainly is to Plaintiff").

Second, the Court finds that Ms. Rakes acted in good faith throughout the litigation. She initiated this litigation based in part on Officer Johnson's interactions with Amylyn on the evening of July 18, 2019, which the Court noted in its Order on Defendants' Motion for Summary Judgment reflected "at times, a less-than-sympathetic and dismissive attitude toward Amylyn and her continued involvement in the abusive relationship with RJ." [Filing No. 106 at 33.] Ms. Rakes' decision to initiate this litigation was in good faith given the circumstances leading up to Amylyn's death. And while it is true that the Court cautioned Ms. Rakes in its Order denying Defendants'

6

Motion for Judgment on the Pleadings regarding the evidence she would need to present to ultimately succeed on her claims, [*see* Filing No. 63 at 17-17], this does not show that Ms. Rakes' decision to continue pursuing her claims was made in bad faith.

Finally, and related to the good faith analysis, this case raised difficult issues and the Defendants' Motion for Summary Judgment was by no means a slam dunk. The arguments Defendants raise in asserting that the case was not a close call are merely a rehash of why they ultimately prevailed. But this case required a close analysis of the facts and the law, and was in no way frivolous. *See Jones v. Parkview Hosp., Inc.*, 2021 WL 7907673, at *2 (N.D. Ind. Feb. 8, 2021) ("There were problems with [plaintiff's] claims, to be sure, which is why they did not survive summary judgment.... But the Court did not find, and does not now find, that [plaintiff] pursued her claims in bad faith.").

In sum, the Court finds that the Estate is indigent given its financial condition, that Defendants seek almost 40% of its assets, which is not a reasonable amount of costs under the circumstances, that Ms. Rakes acted in good faith, and that this case raised close and difficult issues.[4] As a result, the Court **DENIES** Defendants' Motion for Bill of Costs. [Filing No. 111.]

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Bill of Costs. [111.]

Date: 6/15/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[4] Because the Court denies the Motion for Bill of Costs in its entirety, it need not consider Ms. Rakes' arguments relating to the propriety of appearance and witness fees for the two witnesses who were not ultimately deposed or for the cost of transcribing the dash cam video footage.