UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| AMANDA RAKES, *Administrator of the Estate of Amylyn Slaymaker and Next Friend to the Minor Children G.C. and M.C.*, | ) ) ) ) |
| *Plaintiff,* | ) ) ) No. 4:21-cv-00114-JMS-KMB |
| *vs.* | ) ) |
| THE ESTATE OF TE'JUAN JOHNSON and JONATHAN PAUL ROEDERER, | ) ) ) ) |
| *Defendants.* | ) |

**ORDER**

Charlestown Police Officers Te'Juan Johnson and Jonathan Roederer responded to a 911 call on July 18, 2019 regarding an altercation between Amylyn Slaymaker and her husband, RJ Slaymaker. After the encounter with Officers Johnson and Roederer, Amylyn returned to the home that she shared with RJ, and RJ went to the emergency room for a voluntary mental health evaluation. Tragically, RJ returned to their home later that evening, fatally shot Amylyn, and fatally shot himself. Plaintiff Amanda Rakes, Administrator of the Estate of Amylyn Slaymaker and Next Friend to the Minor Children G.C. and M.C., initiated this action against the Estate of Te'Juan Johnson ("Officer Johnson")[1] and Officer Roederer, asserting a federal constitutional claim based on the Officers' actions when they responded to the 911 call.

On March 30, 2023, the Court granted a Motion for Summary Judgment filed by Defendants, finding that they were entitled to qualified immunity, and entered final judgment in

---

[1] Officer Johnson passed away after the events underlying this litigation, so Ms. Rakes has named his Estate as a Defendant. For simplicity, the Court refers to the Estate of Te'Juan Johnson as "Officer Johnson" in this Order.

their favor. [Filing No. 106; Filing No. 107.] Ms. Rakes appealed the Court's decision and on September 25, 2024, the Seventh Circuit Court of Appeals affirmed the Court's decision as to Officer Roederer, but reversed in a 2-1 decision as to Officer Johnson. *Rakes v. Roederer*, 117 F.4th 968 (7th Cir. 2024). Officer Johnson then filed a Petition for Rehearing *En Banc*, which the Seventh Circuit denied on November 7, 2024. [Filing No. 46 in *Amanda Rakes v. Jonathan Roederer, et al.*, Case No. 23-1816 (7th Cir.).] Officer Johnson has now filed a Motion to Stay Discovery, which is ripe for the Court's decision. [Filing No. 130.]

In support of the Motion to Stay Discovery, Officer Johnson argues that he intends to file a Petition for Writ of Certiorari in the United States Supreme Court, and that the deadline for doing so is February 5, 2025. [Filing No. 130 at 3.] He notes that Ms. Rakes takes the position that the parties can complete some remaining expert and damages discovery and file related motions within sixty days, and that the case would be ready for trial by late spring or early summer 2025. [Filing No. 130 at 3.] Officer Johnson asserts that a stay of discovery pending resolution of his Petition for Writ of Certiorari will not prejudice or disadvantage Ms. Rakes given "the advanced stage of this matter," that remaining discovery is limited, and that "there is no concern about evidence or witness accessibility." [Filing No. 130 at 4.] He contends that he "will be extremely prejudiced should a stay not be entered and the matter proceed to trial on an issue that the Supreme Court finds nonactionable." [Filing No. 130 at 4.] Officer Johnson also argues that a favorable ruling on the Petition for Writ of Certiorari would "provid[e] clarity as to the elements necessary to satisfy a state-created danger claim," and "could be outcome-determinative if the Supreme Court finds the state-created danger doctrine does not reflect sound law – i.e., it is lacking in its constitutional foundation – or that false assurances of protection cannot serve as an affirmative act giving rise to a state-created danger claim." [Filing No. 130 at 5.] He asserts further that absent a stay of

discovery, "the parties risk wasting significant time and resources completing expert and damages discovery and preparing *Daubert* motions, the final pre-trial order, motions in *limine*, and jury instructions, potentially all for naught." [Filing No. 130 at 5.]

Ms. Rakes opposes staying discovery and argues that Officer Johnson must establish a reasonable probability that four Supreme Court Justices would vote to grant certiorari, a significant probability that five Justices would reverse the judgment below, and a likelihood of irreparable harm if the judgment is not stayed. [Filing No. 132 at 2.] She asserts that even if those criteria are satisfied, a stay can still be denied "when the equities weigh against a stay." [Filing No. 132 at 3.] She contends that the United States Supreme Court grants, on average, only 1% of all petitions for writ of certiorari that it reviews and that Officer Johnson "has not demonstrated that his appeal involves an important question of federal law that needs to be settled by the Supreme Court, nor can he point to a circuit split." [Filing No. 132 at 4.] She notes that "[n]ot a single judge sitting on the Seventh Circuit thought [Officer] Johnson's arguments deserved another look," and that "[t]he likelihood that four Justices would find that the case merits review is miniscule." [Filing No. 132 at 4.] Ms. Rakes argues that Officer Johnson has not identified any new issues that he would present on certiorari and that "the likelihood of reversal is extraordinarily remote." [Filing No. 132 at 5.] Finally, she argues that Officer Johnson has not presented any "basis or evidence of injury" if the litigation proceeds, but that "[m]eanwhile, the surviving family of Amylyn Slaymaker await their opportunity to seek justice," that "[t]his case has been pending for four years, and prolonging it further is unwarranted," and that Amylyn's minor children are "rapidly approaching adulthood." [Filing No. 132 at 1; Filing No. 132 at 6.]

In his reply, Officer Johnson argues that Ms. Rakes did not respond to his argument that a discovery stay would simplify the issues and reduce the burden of litigation on the parties, so has

- 3 -

waived any opposition. [Filing No. 133 at 3.] He asserts that allowing the litigation to proceed while the Petition for Writ of Certiorari is pending will "effectively eradicate the basic thrust of [his] qualified immunity defense." [Filing No. 133 at 3 (quotation and citation omitted).] Officer Johnson argues that Ms. Rakes does not explain why the fact that Amylyn's minor children are approaching adulthood would "work a hardship." [Filing No. 133 at 3 (quotation and citation omitted).] He also contends that his motion is governed by Federal Rule of Civil Procedure 26(c), and not by the three-part test that Ms. Rakes discusses in her response. [Filing No. 133 at 3-4.] Officer Johnson states that "the panel majority's holding that false assurances give rise to state-created danger claims solidifies a sharp split amongst the circuits as to whether government officials can be held civilly liable via substantive due process where the only allegation of misconduct against them is a purportedly false assurance of safety." [Filing No. 133 at 5 (citations omitted).]

At the outset, the Court notes that it is mindful of the "mandate rule," whereby "a district court has an obligation to follow the judgment of a reviewing court," and is "required to comply with the express or implied rulings of the appellate court" when a case is reversed and remanded. *Snowden v. Henning*, 2024 WL 128735, at *2-3 (S.D. Ill. Jan. 11, 2024). It further acknowledges the principle that a motion to stay a mandate from an appellate court must be filed in the appellate court, and that a district court lacks the authority to stay a mandate – particularly where the appellate court has already denied a motion to stay the mandate. *See In re A.F. Moore & Assoc., Inc.*, 974 F.3d 836, 839-40 (7th Cir. 2020). Here, however, Officer Johnson has not asked the Seventh Circuit to stay its mandate and received an unfavorable ruling, has not asked this Court so stay the mandate, and has not asked this Court to stay this case in general. Rather, he asks the Court to stay discovery under Federal Rule of Civil Procedure 26(c) in order to protect him from

undue burden or expense. [*See* Filing No. 130 at 4 (relying upon Rule 26(c)).] The Court considers the Motion to Stay through this lens. *See In re A.F. Moore & Assoc., Inc.,* 974 F.3d at 841-42 (noting that although the district court's stay of case pending resolution of petition for writ of certiorari was improper because Seventh Circuit had already rejected such a request, district court had "broad discretion to decide [at] what pace" the case should proceed on remand and the mandate "did not obligate the [district] court to rush to final judgment").

The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to stay proceedings in a case is left to the District Court's discretion and requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Courts look to numerous factors in deciding whether a stay of proceedings is appropriate, including whether the stay will prejudice the non-movant, whether the stay will simplify the issues in the case, and whether the stay will reduce the burden of litigation for the parties or the court. *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *1 (S.D. Ind. Feb. 17, 2023); *Landis,* 299 U.S. at 255-56 (articulating same factors). The Court considers these factors below.[2]

---

[2] The standard relied upon by Ms. Rakes – (1) whether there is "a reasonable probability that certiorari will be granted"; (2) whether there is "a significant possibility that the judgment below will be reversed"; and (3) whether there is "a likelihood of irreparable harm if the judgment is not stayed" and the movant's position on the merits is correct, *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1302 (2010) – is used by appellate courts when they consider motions to stay their mandates pending resolution of a petition for writ of certiorari. *See, e.g.*, *United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993). As discussed above, that is not Officer Johnson's request.

First, as to prejudice to Ms. Rakes, the Court sympathizes with her and with Amylyn's minor children given the tragic circumstances of this case. The Court also recognizes that bringing this litigation – which has been pending for over four years – to an end may help to bring some closure for those individuals, which the Court finds to be an important consideration. But Ms. Rakes does not articulate any prejudice to her or Amylyn's minor children, other than pointing out that the minor children will soon become adults. It is not clear how this factors into the prejudice analysis.

Second, the Court finds that a stay may simplify the issues in the case. If the Supreme Court grants the Petition for Writ of Certiorari, it will decide key issues in this case that will have a profound impact on the litigation going forward. If the Supreme Court affirms the Seventh Circuit's decision, it will provide important guidance on the state-created danger exception and on qualified immunity issues. This is particularly significant given the Seventh Circuit's split 2-1 decision as to Officer Johnson. If the Supreme Court reverses the Seventh Circuit's decision, the litigation will be resolved with no need to go forward.

Finally, in terms of whether the stay will reduce the burden of litigation for the parties or the Court, if the Supreme Court grants the Petition for Writ of Certiorari, a stay of discovery will have saved the parties the expense of further expert and damages discovery and the filing of motions related to that discovery, along with the cost of preparing for and participating in a trial. Indeed, the doctrine of qualified immunity – the very doctrine whose application the Supreme Court would consider if it grants the Petition – is meant to spare public officials from the burdens of litigation, including "broad-ranging discovery," and its potential application is to be "resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)

(quotation and citation omitted).  On the other hand, if the Supreme Court denies the Petition, the parties will proceed to trial.

In sum, the Court finds that Ms. Rakes will not be prejudiced by a stay of discovery, that the stay may simplify the issues in the case, and that the stay will reduce the burden of litigation for the parties.  In its discretion, the Court **GRANTS** Officer Johnson's Motion to Stay Discovery, [130], and **ORDERS** that all discovery is **STAYED** pending resolution of Officer Johnson's Petition for Writ of Certiorari.  The Court further **ORDERS** Officer Johnson to file a Report within **two days** of the filing of his Petition for Writ of Certiorari, stating that he has done so.

Again, the Court is mindful that Ms. Rakes and Amylyn's minor children want and deserve closure regarding the horrific events that underlie this litigation.  If Officer Johnson's Petition for Writ of Certiorari is denied, and absent a settlement, the Court will ensure that this case proceeds expeditiously to trial.

Date: 1/21/2025

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**